## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Wallace A. Bustelo, Special Agent, Homeland Security Investigations, being duly sworn under oath, hereby state that the following is true and correct to the best of my knowledge and belief:

## BACKGROUND

1.      I am a Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), San Juan, Puerto Rico and have been so employed since 2014. Prior to that, I was also employed as a Special Agent for the United States Department of Health and Human Services (HHS-OIG) since 2011. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States and other related offenses.

2.      I have attended the Homeland Security Investigations Special Agent Training Course (HSISAT) at the Federal Law Enforcement Training Center in Glynco, Georgia. I was trained in conducting investigations related to firearms violations, narcotics smuggling, interdiction and distribution activities. I am currently assigned to the Public Safety Group/Resilience Strike Team, where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC).

3.      Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me or other law enforcement officers concerning this investigation. I have set forth only those facts which I believe are necessary to establish probable cause to believe that **Emmanuel GAZMEY-SANTIAGO aka. "Anuel", Joseph SIRAGUZA-DE JESUS and Joran TORRES-ROSARIO** committed federal offenses, as further described in the criminal complaint. The information contained in this affidavit is based on my participation in the investigation described herein as well as from information provided by other agents, officers, and individuals connected with this investigation.

1

## FACTS IN SUPPORT OF PROBABLE CAUSE

4.  On April 3, 2016, Puerto Rico Police Department (PRPD) Agents of the San Juan Drug Unit where operating pursuant to a work plan regarding criminal activity at several businesses in the San Juan, Puerto Rico area. One of the businesses included in the work plan was Tabaco & Ron Lounge located at Dos Hermanos Street #278 San Juan, Puerto Rico 00907.

5.  PRPD agents established surveillance in Tabaco & Ron Lounge area from various vehicles. At approximately 3:40am they observed when a group of individuals exited the business and walked towards a grey colored 2007 Honda Accord vehicle, bearing license plate GRK-501. Upon focusing on three of the individuals they were able to observe when one of them (later identified as **Emmanuel GAZMEY-SANTIAGO aka. "Anuel"**) opened one of the vehicles doors grabbed what appeared to be a firearm and tuck it in his waistband area. Subsequently, **GAZMEY-SANTIAGO** boarded the Honda Accord in the front passenger seat along with two other occupants (later identified as **Joseph SIRAGUZA-DE JESUS** [Driver] **and Joran TORRES-ROSARIO** [Rear Passenger]) and departed the location. PRPD agents followed the vehicle without losing sight of the same and requested assistance from other units that were strategically located nearby, to include marked units. Upon arriving at the intersection of the Roberto H. Todd street and the Fernandez-Juncos Avenue a traffic stop was conducted by PRPD agents and the three occupants were taken out of the vehicle. Once outside, the PRPD agents were able to observe in plain view three firearms in the vehicle floor. The three individuals were placed under arrest and transported to the PRPD San Juan Drug Unit for further investigation and processing.

6.  During an administrative search, the PRPD agents seized from the front passenger floor where **Emmanuel GAZMEY-SANTIAGO aka. "Anuel"** was seated; two (2) firearms: [(a) a Glock pistol, Model 30, .45 caliber, bearing serial number WAR-896 loaded with 13 rounds of .45 caliber ammunitions including one in the chamber and one (1) additional loaded 9 round capacity magazine; and (b) a Glock pistol, Model 19, 9mm caliber, bearing serial number WLV369 loaded with a fifteen (15) round capacity magazine]. From the rear passenger floor where **Joran TORRES-ROSARIO** was seated, the PRPD agents seized a third firearm; [(c) a Glock pistol, Model 23, .40 caliber, bearing serial number DVH618US loaded with an extended magazine with 21 rounds of .40 caliber ammunition including one in the chamber and five (5) additional magazines inside a black fanny pack (two (2) 9mm caliber extended capacity magazines loaded with a total of fifty-eight (58) rounds and three (3) .40 caliber magazines loaded with a total of thirty-six (36) rounds]. In addition, **Emmanuel GAZMEY-**

**SANTIAGO aka. "Anuel"** was in possession of $85.00; **Joseph SIRAGUZA-DE JESUS** had $515.00 and three cellphones; and **Joran TORRES-ROSARIO** had $135.00 and two cellphones.

7.  HSI Public Safety Group/Resilience Strike Team (PSG/RST) agents were contacted for assistance with the investigation. HSI agents inspected and ran record checks on the seized firearms and determined the Glock pistol, Model 30, .45 caliber, bearing serial number WAR896 registered in the name of an individual by the name of "Karlo Martinez-Davila"; the Glock pistol, Model 19, 9mm caliber, bearing serial number WLV369 appears in the NCIC as a stolen gun and the Glock pistol, Model 23, .40 caliber, bearing serial number DVH618US is registered to the "Municipio de Carolina". None of the firearms appeared to be modified or had their serial numbers obliterated.

8.  HSI agents later read and explained to **Joseph SIRAGUZA-DE JESUS** his constitutional rights in the Spanish language, his native language; **SIRAGUZA-DE JESUS** stated that he had understood his rights, and later waived them in writing by signing the Statement of Rights Form. **SIRAGUZA-DE JESUS** originally stated that his name was "Luis A. Malpica-Negron" and provided a false date of birth and stated not having a driver's license, however when HSI agents confronted him with the DAVID system picture and inquired him about his demographics, he changed his mind and explained that "Luis A. Malpica-Negron" was his cousin and that he had lied. **SIRAGUZA-DE JESUS** stated that he was the backup singer ("corista") for "Anuel" and had been working with him for the past four to five months since he came out of prison.

9.  As to his relationship with **TORRES-ROSARIO, SIRAGUZA-DE JESUS** stated that they have known each other since their childhood as they grew up together at the Virgilio Davila PHP in Bayamon, Puerto Rico and were even in the same Indictment (10-251 (JAF), Defendant # 25) several years ago. **SIRAGUZA-DE JESUS** stated he is currently serving a supervised release term of eight years after being sentenced to 87 months of imprisonment. He could not recall the name of his U.S. Probation Officer at the time of the interview but indicated that his USMS number was 35735-069.

10. A criminal records check revealed that **SIRAGUZA-DE JESUS** has been convicted of a crime punishable by more than one year of prison and is currently serving a supervised release term at the federal level. BOP records show **SIRAGUZA-DE JESUS** was released from custody on October 30, 2015.

11. HSI agents later read and explained to **GAZMEY-SANTIAGO aka. "Anuel"** his constitutional rights in the Spanish language, his native language; **GAZMEY-SANTIAGO aka. "Anuel"** stated that he had an attorney and would not speak without him being present. Attorney Edwin Leon-Leon was contacted by the agents and he came into the PRPD San Juan Drug Unit to participate in the interview. In the presence of his attorney, **GAZMEY-SANTIAGO aka. "Anuel"** understood his rights, and later waived them in writing by signing the Statement of Rights Form. Attorney Leon-Leon also signed the Statement of Rights Form as a witness to the same. **GAZMEY-SANTIAGO aka. "Anuel"** stated that he is an artist trying to raise a career as a reggaeton singer, and that he was at Tabaco & Ron Lounge hanging out with his backup singers ("coristas") awaiting to be time for a performance at another bar ("Aventura") located in the De Diego Avenue in San Juan, Puerto Rico which was scheduled to begin at approximately 3:45am. Around 3:15 he decided to take a ride with **SIRAGUZA-DE JESUS**, who had been his backup singer for about four to five months since he came out of prison, and **TORRES-ROSARIO**. Upon departing, he was riding in the front passenger seat, they drove for a couple of streets until they were pulled over by the PRPD and taken out of the vehicle and placed under arrest. All he heard once they were taken out of the vehicle was the PRPD agents say "bingo we got firearms" but he refused any knowledge as to the firearms or having seen them when he got in the car. **GAZMEY-SANTIAGO** stated not having a PRPD Firearms License. Originally, **SIRAGUZA-DE JESUS** had stated that his name was "Luis A. Malpica-Negron" and **GAZMEY-SANTIAGO** continued referring to him as "Malpica-Negron" although he knew that was not his true and correct name.

12. **GAZMEY-SANTIAGO** also stated that he knew that **SIRAGUZA-DE JESUS** was in federal probation at the time of their arrest.

13. A criminal records check revealed that **GAZMEY-SANTIAGO** has no prior criminal history.

14. HSI agents read and explained to **Joran TORRES-ROSARIO** his constitutional rights in the Spanish language, his native language, which he stated that he understood, refused to sign the Statement of Rights Form. **TORRES-ROSARIO** exercised his constitutional right not to answer questions and refused to provide any statements without having an attorney present. HSI agents did not ask any questions to **TORRES-ROSARIO**.

15. A criminal records check revealed that **TORRES-ROSARIO** has been convicted of a crime punishable by more than one year of prison and is currently serving a supervised release term at the federal level. Court records reflect that **TORRES-ROSARIO** was charged in Indictment 10-251 (JAF),

Defendant # 41, and was sentenced to 70 months of imprisonment, followed by a supervised release term of 8 years. BOP records show **TORRES-ROSARIO** was released from custody on November 18, 2015 and his USMS number was 35757-069.

16. Based on my training and experience, I know that firearms and ammunition are not manufactured in Puerto Rico. Accordingly, the firearms and ammunition seized on April 3, 2016 must have traveled or were shipped in the interstate or foreign commerce.

## CONCLUSION

17. Based on the facts set forth above, I submit that there exists probable cause to charge **Emmanuel GAZMEY-SANTIAGO aka. "Anuel", Joseph SIRAGUZA-DE JESUS and Joran TORRES-ROSARIO** with violating: Title 18, United States Code, Section 922 (g)(1) and 2 [Prohibited Person in Possession of a Firearm: Convicted Felon. Aiding and Abetting a Prohibited Person to Possess a Firearm].

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

**Wallace A. Bustelo**
Special Agent
U.S. Homeland Security Investigations

Sworn to and subscribed before me this 4th day of April, 2016, in San Juan, Puerto Rico.

Honorable Bruce J. McGiverin
United States Magistrate Judge
United States District Court for the District of Puerto Rico

5